IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 7:11-CV-241-FL

| | |
|---|---|
| KAMAL G. ABULSAAD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)    ORDER<br>RELIABLE AND LOYAL )<br>MANAGEMENT, )<br>)<br>Defendant. )<br>) | |

This matter comes before the court upon request of plaintiff, proceeding *pro se*, dated July 18, 2012, wherein plaintiff informs of a discovery dispute that has arisen between the parties of or relating to defendant's responses to certain written discovery propounded by plaintiff, as more particularly described therein.[1] This case also comes before the court on defendant's motion for exemption from mediation and request for court-hosted settlement conference (DE # 20).

Turning to the second matter made mention of in the foregoing paragraph, while ordinarily the court denies outright request for court-hosted settlement conference based on costs associated with a privately retained mediator, in this case, upon considered assessment of the issues in dispute,

---

[1] The clerk of court is directed to unseal docket entry no. 22, and note on the record as a part of the file of this case, said request in discovery, as a motion to compel. Plaintiff alerted the court in accordance with the case management in force and effect as to issues in discovery and requested conference by telephone, which procedure is set forth in the case management order. Pursuant to Section II.D of the case management order ("CMO"), plaintiff seeks to convene a conference among the parties and this court by telephone in effort to resolve the dispute. Upon review, the court notes that form of order is incorrect to the extent it requires a *pro se* litigant as here to convene conference in advance of filing any motion to compel. The court amends the case management order is this case so as to strike that requirement. All other provisions remain in force and effect, and for the continued efficient administration of the case, the court has reformed plaintiff's request as his motion to compel.

the court ALLOWS the motion. The court has determined that a court-hosted settlement conference in accordance with Local Civil Rule 101.2 (EDNC), before a magistrate judge may advance resolution of issues in dispute, and for this reason relieves the parties of obligation to proceed before a privately retained mediator.

In accordance with the foregoing, the case is referred to Magistrate Judge Webb for conduct of court-hosted settlement conference in accordance with the court's rules and the judge's procedures as may be applied separately. Judge Webb shall set the conference at a time and place compatible with his work schedule and the needs of the case on or before December 1, 2012.[2] Notice will be provided in advance to the parties which may inform of any particular settlement conference practices of the judge to be adhered to.

Turning to the first matter at issue made mention of above, in furtherance of the court's address of plaintiff's motion to compel, plaintiff shall file within fourteen (14) days of entry of this order his memorandum of law in support thereof. Defendant will have opportunity to respond as provided in Local Civil Rule 7.1(e)(2), with said response being due fourteen (14) days from date of service of plaintiff's memorandum of law. Plaintiff's motion, when ripe for ruling, is referred to Magistrate Judge Webb for decision.

SO ORDERED, this the 26th day of July, 2012.

LOUISE W. FLANAGAN

---

[2] The court notes pursuant to the schedule in effect that discovery closes November 30, 2012, and dispositive motions are due by December 30, 2012. The court has selected a deadline for court-hosted settlement conference which corresponds to the close of discovery.

2