UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:11-CV-00241-FL

| KAMAL G. ABULSAAD., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| RELIABLE AND LOYAL MANAGEMENT, | ) | |
| Defendant. | ) | |

This cause comes before the Court upon pro se Plaintiff's motions to compel documents and information responsive to his first set of requests for production of documents and interrogatories. (DE-22, DE-24). Plaintiff certifies he has made a good faith effort to resolve the discovery dispute. Defendant has responded (DE-26) and the matter is therefore ripe for adjudication. For the reasons stated herein, the motions to compel (DE-22, DE-24) are denied.

I. BACKGROUND

Plaintiff worked as a clinical psychologist in a mental health clinic at Seymour Johnson Air Force Base in Goldsboro, North Carolina, from November 3, 2008 until he was fired on May 5, 2010. Compl. Attach. 1, DE-1. Plaintiff worked on a contract basis through Defendant, a staffing agency. Plaintiff asserts he was unlawfully terminated on the basis of age and national origin. Attached to his complaint is a dismissal and notice

of rights from the Equal Employment Opportunity Commission ("EEOC"). In its answer filed January 17, 2012, Defendant denies liability and notes that it is properly known as RLM Services, Inc. (DE-10).

Pursuant to the Court's case management order, discovery in this case is due November 30, 2012. (DE-15). Defendant served its objections and responses to Plaintiff's "Request for Production of Documents" and "First Set of Interrogatories" on July 6, 2012. (DE-25-1, DE-25-2). While Plaintiff acknowledges that Defendant responded to his requests, he complains that the disclosures are evasive and incomplete. He therefore seeks to compel "full and complete answers to interrogatories" and documents responsive to his requests. Pl.'s Mem. Supp. Mot. Compel 1, DE-25.

## II.  LEGAL BACKGROUND

Federal Rule of Civil Procedure 26(b)(1) states in relevant part, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." The standard for relevance during the discovery phase differs from the standard employed at trial. In order to be relevant, the information "need not be admissible at the trial" but only "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). During discovery, relevance is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund. Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor,

329 U.S. 495, 501 (1947)); *see also* Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003) (stating that discovery under the Federal Rules "is broad in scope and freely permitted"). "Over the course of more than four decades, district judges and magistrate judges in the Fourth Circuit . . . have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases). "At the same time, 'discovery, like all matters of procedure, has ultimate and necessary boundaries.'" Oppenheimer Fund, Inc., 437 U.S. at 351 (quoting Hickman, 329 U.S. at 507). Thus, "[d]iscovery of matter not 'reasonably calculated to lead to the discovery of admissible evidence' is not within the scope of Rule 26 (b)(1)." *Id.* at 351-52 (quoting Fed. R. Civ. P. 26(b)(1)).

Rule 34 of the Federal Rules of Civil Procedure governs the production of documents and tangible things in civil discovery. Fed. R. Civ. P. 34. Rule 34(a) permits a party to serve on any other party a request for the production of documents or things within that party's "possession, custody or control." Fed. R. Civ. P. 34(a). With regard to non-parties, Rule 34(c) contemplates that they may be required to produce documents through the use of a subpoena issued under Rule 45.

With these legal precepts in mind, the undersigned considers the instant motion to compel.

## III. ANALYSIS

Plaintiff seeks an order compelling Defendant to (1) answer Interrogatory Nos. 1-11; and (2) respond to Document Request Nos. 1, 2, 3, 5, 6, 7, and 8. Defendant asserts that it has already fully complied with discovery and turned over all relevant documents and information within its possession. According to Defendant, the vast majority of the information sought by Plaintiff belongs to its client, the United States Air Force ("USAF"). As a staffing agency, Defendant asserts it has no access to documents or information within USAF's control. Defendant notes it has informed Plaintiff he should subpoena the information he seeks directly from the USAF.

Upon careful review of Plaintiff's interrogatories and requests for documents, the undersigned agrees that the information sought by Plaintiff does not appear likely to be within the custody and control of Defendant. For example, by his first request for production, Plaintiff asks Defendant to produce "[a]ll the medical records documenting direct clinical services to patients provided by plaintiff between 11/03/2008 and 05/05 2010." Def.'s Resp. 2, DE-25-2. Similarly, Plaintiff requests in Interrogatory No. 2 the addresses, phone numbers and e-mail addresses of USAF employees. In its memorandum in opposition to the motion, Defendant notes that it has "repeatedly informed plaintiff that it does not have access to these documents." As a staffing agency, Defendant would likely have no access to medical records of patients at Seymour Johnson Air Force Base, or the personnel records of the USAF. Because the documents at issue rest with an independent third party over whom Defendant lacks any authority, it

4

is clear that the medical or personnel records do not fall within Defendant's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). In addition, Plaintiff has not cited any authority that the responsibility to retrieve government records rests on Defendant rather than on Plaintiff through the use of the procedures outlined in Fed. R. Civ. P. 45.

The undersigned has thoroughly reviewed Defendant's responses to Plaintiff's requests for production of documents and interrogatories and concludes that Defendant has fully complied with its discovery obligations. Accordingly, Plaintiff's motions to compel are denied.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motions to compel (DE-22, DE-25) are DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 29th day of August, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE