IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 7:11-CV-241-FL

| | | |
|---|---|---|
| KAMAL G. ABULSAAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RELIABLE AND LOYAL MANAGEMENT, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on defendant's motion for summary judgment (DE 32). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") wherein it is recommended that defendant's motion be granted (DE 41). For the following reasons, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

The court references the detailed background in the M&R, and briefly summarizes further as follows. Plaintiff, acting *pro se*, filed complaint against defendant, his employer, as an appeal from dismissal by the Equal Employment Opportunity Commission of his claims pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. Plaintiff was hired as a full-time clinical psychologist by defendant, a government contractor placement company, and assigned to work on Seymour Johnson Air Force Base, where he provided treatment and diagnostic services to

members of the military. His employment lasted from November 3, 2008 to May 5, 2010, when he was terminated. Plaintiff alleges discriminatory discharge and retaliation for his complaints of harassment because of plaintiff's national origin (Egyptian) and age (he was born in 1938).

**DISCUSSION**

A.  Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.  Objections

Plaintiff makes several objections to the M&R. As to the factual findings, plaintiff lists statements in the M&R which recited evidence in the record. Instead of directing the court to any evidence to the contrary, plaintiff urges that he was not informed of some actions his coworkers took or that the M&R misstates the evidence. See, e.g., Obj. 1-2 (objecting to the statement that Amy James found documentation deficient in December 2009, on the basis that James did not meet with plaintiff until January 2010); Obj. 2 (objecting to the characterization of documents as "corrected" and arguing that a peer can render an opinion as to documentation). However, the facts in the M&R

2

are fully supported by the record. For example, plaintiff objects to the statement that Dr. Morrison reviewed plaintiff's notes and also concluded that plaintiff's risk assessment documentation was inconsistent with Air Force expectations. Obj. 2 (citing M&R 7). Review of the record cited for this assertion reveals that plaintiff was sent an email notifying him of this review and Dr. Morrison's findings. Abulsaad Dep. Ex. 10. Each of the other factual findings in the M&R to which defendant objects are likewise unfounded upon review of the record. Therefore, the court finds that the M&R accurately recited the facts according to the evidence in the record.

Plaintiff also makes several objections to the analysis of the M&R. Particularly, plaintiff states that: (1) he did meet his employer's legitimate expectations as to work performance; (2) discriminatory motives due to age and national origin and retaliation for engaging in protected activities were the determining factors in the adverse employment action against plaintiff; (3) plaintiff was subjected to adverse impact; (4) ageism in the military was a determining factor in the adverse employment action; (5) discrimination against Middle Easterners was a special case in the military; (6) the timing of actions of coworkers and defendant proves retaliation for engaging in protected activities; (7) the same actors inference defense fails; (8) plaintiff's supervisor's assessment of his work was inaccurate and illegitimate; and (9) the honest belief defense fails. These objections are nothing more than general restatements of plaintiff's arguments in response to defendant's motion. Each of these issues was thoroughly and thoughtfully analyzed in the M&R, and the court finds no reason to disturb that analysis here.

Finally, plaintiff argues that the standard of review on summary judgment asserted in the M&R was incorrect. Obj. 9-10. Plaintiff argues that the showing required for a *prima facie* case of employment discrimination is a lesser burden than the preponderance of the evidence standard.

3

Obj. 9. Plaintiff's understanding of the standard of review is mistaken. The M&R correctly recites the McDonnell Douglas framework for establishing a *prima facie* case of discrimination. M&R 12-14 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). Therefore, plaintiff's objection as to the standard of review is also without merit.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendation of the magistrate judge (DE 41), and GRANTS defendant's motion for summary judgment (DE 32). The clerk is DIRECTED to close this case.

SO ORDERED, this the 12th day of September, 2013

_____
LOUISE W. FLANAGAN
United States District Judge